IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-41479
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

HENRY DEWAYNE TAYLOR,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 3:97-CR-5-11
--------------------
September 16, 2002

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Henry Dewayne Taylor appeals the revocation of his

supervised release pursuant to 18 U.S.C. § 3583(g).  Taylor

argues that the district court abused its discretion in finding

that he violated the terms of his supervised release by

committing a crime.  He notes that the charge that he willfully

injured a child was dismissed by a Missouri court.

    It is a mandatory condition of supervised release that the

defendant not commit another federal, state, or local crime.  See

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

U.S.S.G. § 7B1.1, comment (n.1).  "A violation of this condition may be charged whether or not the defendant has been the subject of a separate federal, state, or local prosecution for such conduct."  Id.  In view of the considerable evidence that Taylor engaged in conduct constituting the offense of abuse of a child, we cannot say the district court's determination was an abuse of discretion.  See 18 U.S.C. § 3583(e); United States v. McCormick, 54 F.3d 214, 219 (5th Cir. 1995).

We have no occasion to consider Taylor's argument that the district court abused its discretion by finding that he violated the terms of his supervised release by failing to contact his probation officer in a timely manner following his arrest.  The judgment of the district court is AFFIRMED.